IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DePRONCE ANTWON BURNETT,

                  OPINION AND ORDER

    Plaintiff,

                       15-cv-488-bbc

  v.

EDWARD F. WALL, DENISE SYMDOM,
RENEE HACKBARTH, SUE DUEL,
KAREN PARENTEAU and RITA HAROSKI,

    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    Pro se prisoner DePronce Antwon Burnett is proceeding on a claim that various prison officials were aware of a substantial risk that plaintiff's incarceration was being extended through an incorrect sentence calculation, but they failed to take reasonable measures to help him with his release, in violation of the Eighth Amendment. Three motions are before the court: (1) defendants' motion to dismiss for failure to state a claim upon which relief may be granted, dkt. #21; (2) plaintiff's motion for leave to amend his complaint, dkt. #25; and (3) plaintiff's motion for assistance in recruiting counsel, dkt. #26. For the reasons stated below, I am granting in part plaintiff's motion for leave to amend his complaint to add several defendants, but I am denying the other motions.

1

OPINION

A. Motion to Dismiss

Defendants seek dismissal of plaintiff's complaint for failure to state a claim upon which relief may be granted, but they overlook the fact that the court already screened plaintiff's complaint when he filed it. If defendants believe that plaintiff cannot prove his claim, they are free to file a motion for summary judgment.

Defendants raise one new issue, which is whether plaintiff's claims against defendants Sue Duel and Karen Parenteau are untimely because it has been more than six years since either defendant was involved in calculating plaintiff's sentence. Reget v. City of La Crosse, 595 F.3d 691, 694 (7th Cir. 2010) (statute of limitations in Wisconsin for claim under Constitution is six years). Generally, a § 1983 claim accrues when the plaintiff "knows or should know that his or her constitutional rights have been violated." Gekas v. Vasiliades, 814 F.3d 890, 894 (7th Cir. 2016). However, in this situation, it is not immediately apparent whether plaintiff's rights were allegedly violated on the date of the sentence calculation or the date that plaintiff allegedly should have been released. Because defendants cite no authority for their view and they have the burden on this issue, Chicago Building Design, P.C. v. Mongolian House, Inc., 770 F.3d 610, 613-14 (7th Cir. 2014), I decline to dismiss the complaint as to Duel and Parentau. Further, even if the alleged constitutional violation occurred at the time of the sentence calculation, the complaint does not show whether plaintiff knew or should have known about the miscalculation at the time. However, defendants are free to raise this issue again in a motion for summary judgment.

One potential problem that defendants do not raise in their motion is claim or issue preclusion. Plaintiff says in his opposition brief that state court judges have denied multiple requests to correct the problems that he raises in this case with his sentence. Dkt. #24. Generally, one court cannot reconsider the same issue resolved previously by another court. However, because preclusion is an affirmative defense and it is unclear whether all the elements for preclusion apply, it would be premature to decide this issue now. Before any party files a motion for summary judgment, he or she should review those elements and the facts of this case to determine whether plaintiff's federal claim in this court is precluded.

B.  Motion for Leave to Amend

Plaintiff seeks leave to amend his complaint to add two different sets of defendants. The first group includes employees of the Wisconsin Department of Corrections who were allegedly involved in calculating plaintiff's sentence: Corene Giebel, Kaye Meissner, Catrina Semanko, Carol Briones, Ann Wells, Jodi Spencer, Deborah Seitz, Joel Kaminski, James Ehlert, Justin Nally and Jessica Hinman. Because plaintiff's claim against these defendants is the same as the defendants already named, I will grant plaintiff's motion with respect to these individuals.

The second group includes plaintiff's probation agents: Jenny Hervat, Karen Hall, Jeremy Jorgeson and Michelle Eggers. Apparently, these defendants "initiated the process to revoke [plaintiff's] probation or extend supervision." Plaintiff's claim against these defendants involves a new type of claim that he did not identify in his complaint. In

particular, plaintiff seems to believe that his agents had a constitutional duty "to accurately submit time spent in custody in his revocation packet." However, plaintiff does not allege that the agents had any responsibility for calculating his sentence or had any control over the way it was calculated. Accordingly, I am denying plaintiff's motion with respect to these defendants.

### C. Motion for Assistance in Recruiting Counsel

Before a district court can consider a request for counsel, it must first find that the plaintiff made reasonable efforts to find a lawyer on his own and was unsuccessful or was prevented from making such efforts. Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992). To prove that he has made reasonable efforts to find a lawyer, plaintiff must give the court letters from at least three lawyers who denied plaintiff's request for representation. Plaintiff has not yet complied with that requirement. If the lawyers plaintiff writes do not respond after 30 days, plaintiff may explain the efforts he took to obtain a lawyer in a declaration sworn under penalty of perjury. Plaintiff should include the date he sent the letters. In addition, plaintiff should send a copy of the letter that he sent the lawyers.

Even if plaintiff had shown that he had made reasonable efforts to find his own lawyer, I would deny plaintiff's motion. Court assistance in recruiting counsel is appropriate only when the plaintiff demonstrates that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). The question is not simply

whether a lawyer might do a better job.

In his motion, plaintiff says that he needs counsel because he is incarcerated and does not have a legal education. However, that is the same situation of many other pro se litigants. Plaintiff's filing in this case so far show that he understands both federal procedure and the laws related to his claim. He does not identify any necessary task that he is unable to perform because of his lack of legal education or his incarceration.

Plaintiff says that the prison where he is confined "tends to have computer shutdowns," but he does not identify any instances in which a shutdown has affected his ability to litigate this case. In the future, if plaintiff believes that he will be unable to meet a particular court deadline because of his inability to use a computer, he may ask for an extension of time then, so long as he explains why he needed to do computer research to prepare a particular document.

ORDER

IT IS ORDERED that

1. The motion to dismiss filed by defendants Edward Wall, Denise Symdom, Renee Hackbarth, Sue Duel, Karen Parenteau and Rita Haroski, dkt. #21, is DENIED.

2. Plaintiff DePronce Antwon Burnett's motion for leave to amend his complaint, dkt. #25, is GRANTED IN PART. Plaintiff may proceed on his claim that Corene Giebel, Kaye Meissner, Catrina Semanko, Carol Briones, Ann Wells, Jodi Spencer, Deborah Seitz, Joel Kaminski, James Ehlert, Justin Nally and Jessica Hinman were aware of a substantial risk that plaintiff's incarceration was being extended through an incorrect sentence calculation, but they failed to take reasonable measures to help him with his release, in violation of the

Eighth Amendment. Plaintiff's motion for leave to amend is DENIED with respect to his request add Jenny Hervat, Karen Hall, Jeremy Jorgeson and Michelle Eggers as defendants.

    3. The Wisconsin Department of Justice may have until May 4, 2016, to inform the court whether it will accept service on behalf of the new defendants.

    4. Plaintiff's motion for assistance in recruiting counsel, dkt. #26, is DENIED.

Entered this 21st day of April, 2016.

                        BY THE COURT:

                        /s/

                        _____
                        BARBARA B. CRABB
                        District Judge