IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DePRONCE ANTWON BURNETT,

                Plaintiff,

      v.

EDWARD F. WALL, DENISE SYMDOM,
RENEE HACKBARTH, SUE DUEL,
KAREN PARENTEAU, RITA HAROSKI
CORENE GIEBEL, KAYE MEISSNER.
CATRINA SEMANKO, CAROL BRIONES,
ANN WELLS, JODI SPENCER,
DEBORAH SEITZ, JOEL KAMINSKI,
JAMES EHLERT, JUSTIN NALLY
and JESSICA HINMAN,

                Defendants.

OPINION and ORDER

15-cv-488-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Pro se prisoner and plaintiff DePronce Burnett is proceeding on a claim that various

employees of the Wisconsin Department of Corrections violated his rights under the Eighth

Amendment by calculating his release date incorrectly for a 2001 theft conviction.

(Although plaintiff is incarcerated again, it is for a different conviction.)  In his complaint,

plaintiff alleged that department officials failed to give him credit for various days that he

served between February and September 2001.

       All of the defendants have moved for summary judgment in two separate motions.

Dkt. ##47 and 56.  Defendants raise several arguments in their opening briefs: (1) a state

court already has determined that plaintiff was not entitled to additional credit for his 2001 conviction, so this claim is barred by the doctrine of issue preclusion; (2) <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), bars the claim because plaintiff failed to seek relief through a petition for a writ of habeas corpus; (3) defendants are entitled to "absolute immunity" because they were performing a judicial function when calculating plaintiff's sentence; (4) defendants were not personally involved in any constitutional violation because they do not have authority to override a judge's determination about sentence credit; (5) defendants did not consciously disregard any risk of unlawful incarceration because they were not aware of a potential error; (6) defendants are entitled to qualified immunity; and (7) plaintiff's claims against defendants Duel, Parenteau, Giebel, Meissner, Semanko and Briones are untimely.

In his opposition brief, plaintiff says nothing about sentence credit that he should have received in 2001. Accordingly, I conclude that plaintiff has abandoned that claim. Rather, he raises a new claim that defendants Hackbarth, Semanko and Briones failed to comply with a November 7, 2006 state court order regarding his sentence credit, leading to a calculation that gave him one day less sentence credit than he should have had.

Not surprisingly, defendants object to the new claim on the ground that it was not included in plaintiff's complaint. I agree with defendants that plaintiff cannot raise a claim for the first time in a summary judgment brief. <u>Anderson v. Donahoe</u>, 699 F.3d 989, 997 (7th Cir. 2012). Plaintiff says that defendants had adequate notice of the claim because they knew he was alleging that they held him beyond his release date. However, defendants are entitled to know more than just plaintiff's legal theory. Under Fed. R. Civ. P. 8(a), plaintiff

is required to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002) (internal quotations omitted).  Particularly because plaintiff identified in his complaint specific dates for which he believed he should have received credit, plaintiff may not change the factual basis for his claim without amending his complaint.  EEOC v. Lee's Log Cabin, Inc., 546 F.3d 438, 443 (7th Cir. 2008).  It is too late for plaintiff to do so now.

Even if I considered plaintiff's new claim, I would grant defendants' motions for summary judgment.  In their reply brief, defendants admit that there was an error in calculating the credit granted in the November 7, 2006 order.  In particular, they acknowledge that the order gives plaintiff credit for the days from August 25, 2005 to September 2, 2005, which is eight days, but plaintiff received credit for only seven days. Dkt. #50-1 at 25.  However, defendants argue that the claim still fails for multiple reasons.

First, defendants say that plaintiff's release date was not affected by the one day error. Under Wis. Stat. § 302.113(8), "[r]eleases to extended supervision from prison shall be on the Tuesday or Wednesday preceding the date on which he or she completes the term of imprisonment."  Under the incorrect calculation, plaintiff was scheduled to be released on February 8, 2015, a Sunday.  Dfts.' PFOF ¶ 117, dkt. #65.  Under the correct calculation, plaintiff's release would have been one day earlier, on February 7, 2015.  However, under § 302.113(8), plaintiff was released on the previous Tuesday, February 3, 2015.  Id. at ¶ 121.  Thus, even under the correct calculation, plaintiff would have been released the same day.

3

Although I allowed plaintiff to file a surreply brief, plaintiff did not respond to this argument in any meaningful way.  In particular, he does not argue that his release date would have changed if his sentence credit had been calculated correctly.

In addition, defendants argue that plaintiff has failed to adduce evidence that any of the defendants were *aware* of the mistake and refused to correct it, which is what plaintiff must prove to prevail on his claim.  Childress v. Walker, 787 F.3d 443, 439 (7th Cir. 2015) Campbell v. Peters, 256 F.3d 695, 700-01 (7th Cir. 2001).  Again, plaintiff cites nothing in his surreply brief to show that the mistake was anything other negligence, which is not sufficient.  Armato v. Grounds, 766 F.3d 713, 721 (7th Cir. 2014).

Defendants raise other arguments, but it is not necessary to consider them all.  It is clear now that plaintiff's claim has no chance of success, something that plaintiff should have known when he filed this lawsuit.  Plaintiff should consider himself lucky that defendants did not file a motion under Fed. R. Civ. P. 11 for filing a frivolous claim.


ORDER

IT IS ORDERED that the motion for summary judgment filed by defendant Edward Wall, dkt. #56, and the motion for summary judgment filed by defendants Carol Briones, Sue Duel, James Ehlert, Corene Giebel, Renee Hackbarth, Rita Haroski, Jessica Hinman, Joel Kaminski, Kaye Meissner, Justin Nally, Karen Parenteau, Deborah Seitz, Catrina Semanko, Jodi Spencer, Denise Symdon and Ann Wells, dkt. #47, are GRANTED.  The clerk of court

is directed to enter judgment in favor of defendants and close this case.

Entered this 28th day of November, 2016.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge